## The Tremont Coal Company *versus* Manly.

1. In an issue in a sheriff's interpleader the claimant is properly the plaintiff, and the burden of proving title to the goods is on him.

2. Possession by the defendant in the execution of the goods levied on, is primâ facie evidence of title in him.

3. The recital in an agreement between the plaintiff in the issue and a third person, that such person was owner of the goods and had sold them to the plaintiff, is not evidence against the defendant in the issue.

January 21st 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term 1868, No. 395.

This was a feigned issue in an interpleader directed by the court, May 2d 1867, in which The Tremont Coal Company were made plaintiffs, and Philip Manly defendant.

The facts necessary to an understanding of the case are the following:—On the 16th of December 1864, an association called The Bear Mountain Franklin Coal Company was formed under the provisions of the Act of April 21st 1854, to enable joint tenants, &c., of mineral lands to develop them. Of this association William Schmoele and Henry Schmoele were two of the directors, William Schmoele being also the president.

On the 10th of March 1866 Manly commenced a suit before a justice of the peace against the Bear Mountain Franklin Coal Company for work and labor, and recovered a judgment for $91.74, from which the defendants appealed on the 28th of the same month.

On the 30th of March 1866 William and Henry Schmoele entered into an agreement with Z. Batdorff. The agreement recited that the Schmoeles had on the 28th and 29th of September 1864 leased from the Tremont Coal Company their colliery,

[Tremont Coal Co. *v.* Manly.]

till then operated by J. A. Dutter & Co., and had also purchased from Dutter & Co. all their personal property at the colliery, and have since operated the colliery; that Batdorff was willing to purchase from the Schmoeles their interest in the colliery and their personal property, "as now existing there," a schedule of which was to be made out in the presence of Batdorff, the live stock consisting of one horse and seven mules; Batdorff to arrange with the Tremont Coal Company for their acceptance of him as tenant, and for the release of the Schmoele's from all their liabilities to the Tremont Coal Company. The Schmoeles then by the agreement in consideration of $15,000 sold to Batdorff their interest in the colliery at Donaldson, together with all their personal property existing therein, as before described. Attached to the agreement was a schedule of the personal property sold, consisting of a horse, mules, drift wagons and other personal property ordinarily used about a colliery.

On the 2d of April 1866 Batdorff assigned to the Tremont Coal Company all his interest under the foregoing agreement in the colliery and the personal property. On the 19th of July 1866 Manly obtained judgment on award of arbitrators in the suit appealed from against the Bear Mountain Coal Company for $97.79, and under a fi. fa. issued August 7th on the judgment levied "on 4 mules, 4 sets of harness, 2 two-horse truck wagons, and all other personal property not exempt by law."

The Tremont Coal Company claimed to be the owners of this property, and this issue was formed to try this question.

The plaintiff, on the trial before Ryon, P. J., gave in evidence the agreement between the Schmoeles and Batdorff, and the assignment of Batdorff to the plaintiff. It was also admitted on the trial that the goods levied on were used by the Bear Mountain Coal Company. The plaintiffs gave evidence likewise that the goods levied on by the sheriff were part of those contained in the schedule accompanying the agreement of sale. There was evidence for the defendant that he worked at the colliery, the subject of the lease from the Tremont Coal Company to the Schmoeles, and that tickets for their work were issued by the Bear Mountain Company to him and others on settlement for the work done by them.

The defendant claimed that he had a lien on the goods under the 2d section of the Act of April 11th 1862, Pamph. L. 479, which provides that in "case of the dissolution of any firm, company or association, or of the private sale or transfer or determination whatsoever of the business of such firm, company or association, the wages and salaries of persons employed by them shall be a lien upon their property and shall be first paid out of the estate and assets of such firm or company."

The plaintiff submitted these points:—

10 P. F. Smith—25

[Tremont Coal Co. *v.* Manly.]

1. There is no evidence in this case that the property in question ever belonged to the Bear Mountain Franklin Coal Company, or that such company is insolvent or ever made any sale, public or private, of any of its property.

2. Under all the evidence in this cause, the verdict of the jury must be for the plaintiff.

The court refused to charge as requested in the points, but reserved the question with right to enter judgment *non obstante veredicto.*

The verdict was for the defendant and the court subsequently directed the entry of judgment on the verdict.

The plaintiffs took out a writ of error and assigned for error the refusal of the court to affirm their points and entering judgment for the defendant on the verdict.

*F. W. Hughes,* for plaintiff in error.—The Act of 1862 applies only to cases where there is a determination of the business of the association, &c. Such liens are not favored: Summerville *v.* Wann, 1 Wright 182; Esterley's Appeal, 4 P. F. Smith 192.

*T. H. Walker* (with whom was *Charles D. Hipple*), for defendant in error.—Under the act the defendant had a lien for his wages, which being on personal property can be divested only by payment or by operation of law. He cited Acts of April 4th 1798, § 2; 3 Smith's L. 331; March 26th 1827, § 1; 9 Id. 303; Purd. 572, pl. 3, 5; Wills *v.* Gibson, 7 Barr 154; Commonwealth *v.* Baldwin, 1 Watts 54; Taylor *v.* Carryl, 12 Harris 266; Reed's Appeal, 6 Id. 235.

The opinion of the court was delivered, February 1st 1869, by

SHARSWOOD, J.—Upon an execution on a judgment against the Bear Mountain Franklin Company, the sheriff levied upon four mules and other personal chattels, which were claimed by the Tremont Coal Company; and thereupon a feigned issue was awarded by the court to try the title under the 9th section of the Act of April 10th 1848, Pamph. L. 450, relating to process issuing from the courts of the city and county of Philadelphia and the county of Luzerne, and since extended to all other courts in the state by the Act of March 10th 1858, Pamph. L. 91. The Tremont Coal Company were properly made the plaintiffs in the issue, and on them devolved the burden of proving their title. It is an admitted fact in the cause—so stated on the notes of the evidence returned with the record—that in January 1866, when the debt was incurred on which the judgment was recovered, the goods levied on were in the use and possession of the Bear Mountain Franklin Company. This was undoubtedly primâ facie evidence that the title was in them. The evidence of the plaintiffs

[Tremont Coal Co. *v.* Manly.]

consisted of an agreement bearing date March 30th 1866, between William Schmoele and Henry Schmoele of the first part and Z. Batdorff of the second part, which recites that the Tremont Coal Company in September 1864 had leased their colliery at Donaldson, till then operated by J. A. Dutter & Co., to the parties of the first part for the term of ten years, and that the said parties of the first part had purchased from the said J. A. Dutter. & Co. all their personal property in said colliery, and then transfers the lease and personal property to Z. Batdorff, the party of the second part. Then follows an assignment, dated April 2d 1866, from Batdorff to them. This was all the evidence which the plaintiffs gave of any title in them to the goods levied on. It is too plain for argument, both upon reason and authority, that the recital in the agreement was not evidence against the defendant in the feigned issue any more than the declaration of the parties to the agreement *in pais* would have been: Penrose *v.* Griffith, 4 Binn. 231; Dean *v.* Connelly, 6 Barr 239. It is certainly no answer to this to say that because William Schmoele was the president, and Henry Schmoele one of the directors, they were in fact the Bear Mountain Company. They did not profess in the article to transfer the title of the company, if it had any, but claimed it as their individual property and sold it as such. There was not only the admission before referred to that the goods were in the use of the corporation at the time the defendant below worked at the colliery, but there was also evidence that he as well as the other men employed there were settled with by tickets issued in their name. There was nothing in the cause to contradict or explain this but the recital in the article of agreement. If the fact was that William and Henry Schmoele individually owned the goods, and had hired, loaned or leased them to the company at that time, it was incumbent on the plaintiffs to give some competent proof of it. Without it they had made out no case. This renders it entirely unnecessary to consider whether the defendant below had a lien on the property under the local Act of April 11th 1862, Pamph. L. 479, applying to the counties of Schuylkill, Bedford and Blair. We do not of course mean to say that there was error in the charge of the court on this subject; if there was it did the plaintiffs no injury, for they had shown no right to a verdict in their favor, even if no such lien existed.

Judgment affirmed.